IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| SUSIL SHRMA LUITEL, | ) | |
| | ) | |
| Petitioner, | ) | 8:19CV126 |
| | ) | |
| v. | ) | |
| | ) | |
| UNITED STATES OF AMERICA, | ) | MEMORANDUM AND ORDER |
| and KURT FREITAG, Hall County | ) | |
| Sheriff, | ) | |
| | ) | |
| Respondents. | ) | |
| | ) | |

This unusual matter is before the court on preliminary review of Petitioner Susil Shrma Luitel's Petition for Writ of Habeas Corpus (Filing No. 1) brought pursuant to 28 U.S.C. § 2241.[1] The purpose of this review is to determine whether Petitioner's claims, when liberally construed, are potentially cognizable in federal court. Condensed and summarized for clarity, Petitioner's claims are:

CLAIM ONE: The Petitioner is being unlawfully detained pursuant to an ICE detainer in the Hall County, Nebraska jail in violation of the Constitution and particularly the Fourth Amendment.

CLAIM TWO: Petitioner is being unlawfully detained in the Hall County, Nebraska jail pursuant to an ICE detainer[2] in violation of the alien removal statutes including 8 U.S.C.§ 1231 as he has not been promptly removed.[3]

---

[1] I have changed the named Respondents in accord with my understanding of the proper respondents in a case like this.

[2] Using Nebraska's online system *Justice*, I have been unable to locate any criminal case naming Petitioner as a defendant in Hall County.

[3] Petitioner seems to allege that he has been held since April 13, 2018.

The court determines that these claims, when liberally construed, are potentially cognizable in federal court. However, the court cautions Petitioner that no determination has been made regarding the merits of these claims or any defenses to them or whether there are procedural bars that will prevent Petitioner from obtaining the relief sought.

IT IS THEREFORE ORDERED that:

1.	Upon initial review of the habeas corpus petition (Filing No. 1), the court preliminarily determines that Petitioner's claims, as they are set forth in this Memorandum and Order, are potentially cognizable in federal court.

2.	The Clerk shall modify the docket sheet and show the above named Respondents as the only Respondents. The Clerk shall telephone the offices of the following attorneys and advise them of the filing of this case and the issuance of this Memorandum and Order. After that, the Clerk shall serve the petition (filing no. 1) and this document on the following lawyers by United States Mail:

Joseph P. Kelly
United States Attorney
District of Nebraska
1620 Dodge St. Ste. 1400
Omaha, NE 68102
(402) 661-3700

Martin Klein
Hall County Attorney
231 S. Locust St.
Grand Island, NE 68801
(308) 385-5150

3. By **May 28, 2019**, Respondents must file motions for summary judgment or records in support of their answers. The clerk of the court is directed to set a pro se case management deadline in this case using the following text: **May 28, 2019**: deadline for Respondents to file records in support of answers or motions for summary judgment.

4. If Respondents elect to file motions for summary judgment, the following procedures must be followed by Respondents and Petitioner:

> A. The motions for summary judgment must be accompanied by separate briefs, submitted at the time the motions are filed.
>
> B. The motions for summary judgment must be supported by any records that are necessary to support the motions. Those records must be contained in a separate filing entitled: "Designation of Records in Support of Motion for Summary Judgment."
>
> C. Copies of the motions for summary judgment, the designations, including records, and Respondents' briefs must be served on Petitioner *except* that Respondents are only required to provide Petitioner with a copy of the specific pages of the records that are cited in Respondents' motions and briefs. In the event that the designations of the records are deemed insufficient by Petitioner or Petitioner needs additional records from the designations, Petitioner may file a motion with the court requesting additional documents. Such motion must set forth the documents requested and the reasons the documents are relevant to the cognizable claims.
>
> D. No later than 30 days following the filing of the motions for summary judgment, Petitioner must file and serve a brief in

opposition to the motions for summary judgment. Petitioner may not submit other documents unless directed to do so by the court.

E. No later than 30 days after Petitioner's brief is filed, Respondents may file and serve reply briefs. In the event that Respondents elect not to file reply briefs, they should inform the court by filing a notice stating that they will not file a reply brief and that their motion is therefore fully submitted for decision.

F. If the motion(s) for summary judgment is denied, Respondents must file answers, designations and briefs that comply with terms of this order. (*See* the following paragraph.) The documents must be filed no later than 30 days after the denial of the motion for summary judgment. **Respondents are warned that failure to file answers, designations and briefs in a timely fashion may result in the imposition of sanctions, including Petitioner's release.**

5. If Respondents elect to file answers, the following procedures must be followed by Respondents and Petitioner:

A. By **May 28, 2019,** Respondents must file <u>all</u> records that are relevant to the cognizable claims. *See*, *e.g.*, Rule 5(c)-(d) of the *Rules Governing Section 2254 Cases in the United States District Courts*.[4] Those records must be contained in a separate filing entitled: "Designation of Records in Support of Answer."

B. No later than 30 days after the relevant records are filed, Respondents must file answers. The answers must be accompanied by separate briefs, submitted at the time the answers

---

[4] These rules also apply to § 2241 cases.

4

are filed. Both the answers and briefs must address all matters germane to the case including, but not limited to, the merits of Petitioner's allegations that have survived initial review, and whether any claim is barred by a failure to exhaust remedies, a procedural bar, non-retroactivity, a statute of limitations, or for some other reasons.

C. Copies of the answers, the designations, and Respondents' briefs must be served on Petitioner at the time they are filed with the court *except* that Respondents are only required to provide Petitioner with a copy of the specific pages of the designated records that are cited in Respondents' answers and briefs. In the event that the designations of records are deemed insufficient by Petitioner or Petitioner needs additional records from the designations, Petitioner may file a motion with the court requesting additional documents. Such motion must set forth the documents requested and the reasons the documents are relevant to the cognizable claims.

D. No later than 30 days after Respondents' briefs are filed, Petitioner must file and serve a brief in response. Petitioner must not submit any other documents unless directed to do so by the court.

E. No later than 30 days after Petitioner's brief is filed, Respondents may file and serve reply briefs. In the event that Respondents elect not to file reply briefs, they should inform the court by filing a notice stating that the Respondents will not file reply briefs and that the merits of the petition are therefore fully submitted for decision.

F.  The clerk of the court is directed to set a pro se case management deadline in this case using the following text: **June 25, 2019**: check for Respondents' answers and separate briefs.

6. No discovery shall be undertaken without leave of the court. *See* Rule 6 of the *Rules Governing Section 2254 Cases in the United States District Courts*.

DATED this 10th day of April, 2019.

BY THE COURT:

s/ *Richard G. Kopf*
Senior United States District Judge